## (January 31, 1966)

■ LESTER BECKERMAN, as Guardian ad Litem for ROY S. BECKERMAN, an Infant, et al., Plaintiffs, v. WALTER J. MUNRO, INC., et al., Defendants. CONE MILLS, INC., Third-Party Plaintiff-Respondent, v. MAYS DEPARTMENT STORES, INC., Third-Party Defendant-Appellant.— In an action to recover damages for personal injury, medical expenses and loss of services, in which defendant Cone Mills, Inc., interposed a third-party complaint against the third-party defendant Mays Department Stores, Inc., the third-party defendant appeals from an order of the Supreme Court, Kings County, entered April 8, 1965, which denied its motion pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss the

third-party complaint on the ground that it fails to state a cause of action. Order reversed, with $10 costs and disbursements; motion granted; and third-party complaint dismissed, without costs. The main complaint alleges in substance that the infant plaintiff was injured while wearing pajamas manufactured by defendant Walter J. Munro, Inc., from fabrics manufactured by defendant and third-party plaintiff Cone Mills, Inc., and that said defendants were negligent in manufacturing the pajamas and the fabrics in that they were composed of highly combustible and explosive material and in that said defendants failed to take steps to make the pajamas and fabrics safe. In its third-party complaint, Cone denies that it was the manufacturer of the fabrics used by Munro but alleges in effect that, if it was the manufacturer, the fabrics were made properly and that any dangerous quality in the pajamas was due to the acts of the third-party defendant Mays and the defendant Munro in making alterations and additions to the fabrics and the pajamas. It is our opinion that, under the allegations of the main complaint, Cone could be held liable to plaintiffs only upon a showing that it was guilty of active negligence. Those allegations charge Cone with acts of commission and omission in manufacturing the dangerous material which caused the infant plaintiff's injuries. Such acts of omission, as well as the affirmative acts alleged, would constitute active negligence (cf. *Bush Term. Bldgs.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426, 430; *Colon* v. *Board of Educ. of City of N. Y.*, 11 N Y 2d 446, 451; *Gilbert* v. *Barouch*, 10 A D 2d 984; *McKee* v. *Alboro Crane Rental Corp.*, 18 A D 2d 679). Cone, therefore has no common-law right to indemnity from a joint tort-feasor (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447, 455; *Bush Term. Bldgs.* v. *Luckenbach S. S. Co.*, *supra*; *Colon* v. *Board of Educ. of City of N. Y.*, *supra*; *Gilbert* v. *Barouch*, *supra*; *McKee* v. *Alboro Crane Rental Corp.*, *supra*). We are also of the opinion that the third-party complaint is insufficient for the additional reason that it expressly negates the existence of any fault on the part of the third-party plaintiff. A claim over for indemnity is insufficient where its allegations would, if established, preclude liability on the part of the one asserting it (*Coffey* v. *Flower City Carting & Excavating Co.*, 2 A D 2d 191, 192, affd. 2 N Y 2d 898; *Bernardo* v. *Fordham Hoisting Equip. Co.*, 6 A D 2d 619, affd. 6 N Y 2d 733). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.